**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAY 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHEILA RAU,

Plaintiff - Appellant,

v.

UNITED PARCEL SERVICE, INC., a
Delaware and Ohio corporation,

Defendant - Appellee.

No. 13-35809

D.C. No. 1:12-cv-00194-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted May 6, 2015[**]
Seattle, Washington

Before: WALLACE, KLEINFELD, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Sheila Rau appeals from the district court judgment

dismissing her action against her former employer United Parcel Service (UPS).

Rau argues that the district court erred in granting summary judgment for UPS

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

because there are genuine issues of material fact with respect to her Title VII claim and her state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, reviewing de novo, *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010), we affirm.

We analyze Title VII claims through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), under which a plaintiff must first establish a prima facie case by showing (1) that she is a member of a protected class; (2) that she was qualified for her position and performing her job satisfactorily; (3) that she experienced an adverse employment action; and (4) that similarly situated individuals outside her protected class were treated more favorably than she was treated. *Hawn*, 615 F.3d at 1156.

The district court was correct to conclude that even when the facts are taken in the light most favorable to Rau, she has not met her burden of establishing that similarly situated men were treated more favorably. To the extent that Robert Orloff was similarly situated to Rau, Orloff was not treated more favorably than Rau. Any differences in treatment were appropriate given the differences in situation between Rau and Orloff, including the complaints received by UPS regarding Rau's conduct with her subordinates and the fact that Orloff chose to reject the separation agreement offered to him while Rau chose to negotiate the

terms of the agreement offered to her. *Id.* at 1159–60. Since we conclude that the district court was correct regarding Rau's failure to meet her minimal burden under the fourth prima facie factor of the *McDonnell Douglas* framework, we need not reach the other factors.

Our analysis of Rau's gender discrimination claims under the Idaho Human Rights Act is the same as our analysis of her Title VII claim. *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

Rau's claim for wrongful termination in violation of public policy is based on her Title VII claim, so the district court was also correct to grant summary judgment as to the wrongful termination claim in light of the grant of summary judgment as to her Title VII claim.

Rau's claim regarding breach of the implied covenant of good faith and fair dealing is based on the theory that UPS breached the covenant implied in her employment agreement when UPS treated her differently from similarly situated employees based on her gender. However, as discussed above, the district court was correct to conclude that Rau failed to make a prima facie case that UPS had treated similarly situated men more favorably than UPS treated Rau, so the district court was also correct to grant summary judgment as to her breach claim.

Rau's claim for intentional infliction of emotional distress is based on the validity of her allegations of gender discrimination. Since Rau failed to make a prima facie case in support of her allegations of gender discrimination, as discussed above, the district court was also correct to grant summary judgment as to her claim for intentional infliction of emotional distress.

Rau does not dispute the district court's conclusion that she failed to show that UPS had an established duty to her that could serve as the foundation for her negligent infliction of emotional distress claim. The district court was therefore correct to grant summary judgment as to her claim for negligent infliction of emotional distress.

**AFFIRMED.**